RICHARD B. TEITELMAN, Judge.
I respectfully dissent. The principal opinion holds that Mrs. Floyd is not entitled to UM coverage because she did not sustain any bodily injuries and, further, that the partial exclusion unambiguously limits coverage for two of the policies to the statutory minimum. This holding is incorrect because Mrs. Floyd is the “insured” and, as such, the partial exclusion is inapplicable to her.
The extent of Mrs. Floyd’s insurance coverage is a matter of contract. Consequently, as with any contract, this Court must enforce the Shelter policies according to their terms. Seeck v. Geico Gen. Ins. Co., 212 S.W.3d 129, 131 (Mo. banc 2007). “In construing the terms of an insurance policy, this Court applies the meaning that would be attached by an ordinary person of average understanding if purchasing insurance and resolves ambiguities in favor of the insured.” Rice v. Shelter Mut. Ins. Co., 301 S.W.3d 43, 46 (Mo. banc 2009). Moreover, when an exclusionary clause is at issue, the analysis begins with what amounts to a presumption of coverage. This presumption is embedded in the principle that exclusionary clauses are construed strictly against the drafter, who also bears the burden of demonstrating the exclusion applies. Manner v. Schiermeier, 393 S.W.3d 58, 62 (Mo. banc 2013).
A full understanding of the terms of the Shelter policies requires recognition of the nature of the underlying wrongful death claim. Mrs. Floyd is not seeking insurance coverage for a physical injury inflicted directly on her. This does not mean, however, that Mrs. Floyd was not injured. To the contrary, both law and common experience recognize that Mrs. Floyd was injured grievously by Mr. Floyd’s death through the actions of an uninsured motorist. Mrs. Floyd’s wrongful death claim is not a derivative claim based on damages Mr. Floyd could have recovered had he survived. It is, instead, Mrs. Floyd’s separate and distinct claim allowing her to recover damages for items such as loss of consortium, companionship and economic support. See Lawrence v. Beverly Manor, 273 S.W.3d 525, 527 (Mo. banc 2009). Consequently, Mrs. Floyd, both by the nature of her claim and the plain language of the policies’ severability clause, is, for all purposes, the relevant “insured.”
With this in mind, the analysis turns to the language of the Shelter policies. As the principal opinion notes, the UM coverage presupposes that an “insured” suffered “damages.” The policies provide that “damages” means “money owed to an insured for bodily injuries ... sustained by that insured and caused, in whole or in part, by ... an uninsured motor vehicle.” The principal opinion holds that, because Mrs. Floyd did not sustain any “bodily injuries” herself, she is not entitled to coverage for the damages she sustained as a result of Mr. Floyd’s death. This interpretation of the policy language overlooks the fact that, in a wrongful death case, the “insured” seeking recovery of damages never will be the individual to whom money is “owed ... for bodily injuries.” The conclusion that Mrs. Floyd is not entitled to coverage for the damages she sustained as a result of Mr. Floyd’s death requires an interpretation of the Shelter policies that renders the policies inapplicable to wrongful death claims. This conclusion is erroneous given the plain language of section 379.203.1, RSMo 2000, which provides that no automobile policy issued in Missouri shall be issued unless coverage is *223 provided “for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of ... death.”
After concluding that Mrs. Floyd was not entitled to UM coverage, the principal opinion notes that Shelter provided coverage for Mr. Floyd’s wrongful death but properly limited that coverage pursuant to the policies’ partial exclusion. The partial exclusion provides that Shelter’s limit of liability is $25,000, “if any part of the damages are sustained while the insured is occupying a motor vehicle owned by any insured ... unless it is the described auto.” The principal opinion concludes that the partial exclusion unambiguously applies because Mr. Floyd died while driving a vehicle he owned that was not the “described auto” covered by the policy.
In this case, the exclusion does not apply because Mr. Floyd is deceased and, as established above, Mrs. Floyd is the relevant insured. Mrs. Floyd never “occupied a motor vehicle” in sustaining wrongful death damages as a result of Mr. Floyd’s death. Further, even if Mr. Floyd is considered to be the “insured,” the exclusion is still inapplicable because Mr. Floyd— the decedent — suffered no compensable damages because neither he nor his estate is “owed money” for his injuries. As noted, the damages for Mr. Floyd’s wrongful death are personal to Mrs. Floyd and other statutory beneficiaries. At best, the partial exclusion is ambiguous and must be construed strictly against Shelter. Mrs. Floyd is entitled to recover the full amount of the policies that she and Mr. Floyd purchased.
For the foregoing reasons, I would reverse the judgment.